UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80416-CIV-RYSKAMP/VITUNAC

VAUGHT L. TRACY,

      Plaintiff,

v.

PREMIERE CONTRACTORS, INC., ET AL.,

      Defendants.
_____/

### ORDER REQUESTING SETTLEMENT AGREEMENT AS TO DEFENDANT HOWARD LEASING, INC.

THIS CAUSE comes before the Court pursuant to the February 25, 2009 **[DE 30]** Notice of Voluntary Dismissal With Prejudice of Defendant Howard Leasing, Inc. Although the Notice of Voluntary Dismissal With Prejudice indicates that the parties wish to dismiss the case as to Howard Leasing, Inc., the December 22, 2008 Mediator's Report indicates that the case settled as to Howard Leasing, Inc. If the case settled as to Howard Leasing, Inc., the parties must submit the settlement agreement so that the Court may scrutinize it for fairness. The settlement agreement must be unsealed.

When reviewing a settlement of a private FLSA action, the Court must "scrutiniz[e] the settlement for fairness" and conclude that the settlement constitutes a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982).

The terms of a settlement in private FLSA actions are generally a matter of public record. The common law right of access to the courts "includes the right to inspect and copy public

records and documents." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (citing Nixon v. Warner Comm., Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 1312 (1978)).  Whether a document should be subject to public scrutiny depends in part on the role it plays in the litigation: a document that has a "direct[]" impact on the litigation is more appropriately disclosed than are discovery responses subject to judicial scrutiny merely for the sake of relevance.  Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)).  Also relevant is whether the "'right' at issue is of a 'private-public character,' as the Supreme Court has described employee rights under the FLSA."  Stalnaker, 293 F.Supp.2d at 1264 (quoting Brooklyn Sav. Bank v. O'Neill, 324 U.S. 697, 708, 65 S.Ct. 895, 903 (1945)).  Sealed settlement agreements under the FLSA "thwart the public's independent interest in assuring that employee's wages are fair" and "endanger 'the national health and well-being.'"  Stalnaker, 293 F.Supp.2d at 1263 (quoting Brooklyn Sav. Bank, 324 U.S. at 706-07).  "A business's general interest in keeping its legal proceedings private does not overcome the presumption of openness in" FLSA cases.  Id. at 1264.  It is hereby

ORDERED AND ADJUDGED that the parties shall submit within 10 days of the date of this Order an unsealed copy of the settlement agreement with Howard Leasing, Inc.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 19th day of March, 2009.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE